UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| OLGA MORENO | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:20-CV-00017 |
| | § | |
| ALLSTATE TEXAS LLOYD'S AND | § | |
| VERNON MARSHALL | § | |
| *Defendants* | § | |

---

## DEFENDANTS' NOTICE OF REMOVAL

---

Defendants, Allstate Texas Lloyd's ("Allstate") and Vernon Marshall, hereby remove this lawsuit pursuant to 28 U.S.C. §§ 1332 and 1441, on the grounds of diversity of citizenship and amount in controversy, and respectfully show the Court as follows:

## I.
### BACKGROUND

1.     On January 22, 2020, Plaintiff filed her Original Petition in the 293rd Judicial District Court of Maverick County, Texas, Cause No. 20-01-38398-MCV, styled *Olga Moreno, Plaintiff vs. Allstate Texas Lloyd's and Vernon Marshall*. *See* <u>Exhibit A</u> (Plaintiff's Original Petition).

2.     Plaintiff Olga Moreno's ("Plaintiff") lawsuit against Allstate arises from property damage to Plaintiff's home allegedly caused by a wind and/or hailstorm occurring on June 19, 2019. *Id* at ¶ 10. Therein, Plaintiff asserts causes of action against Allstate for breach of contract, breach of the common law duty of good faith and fair dealing, and violations of the Texas Insurance Code. *See Id.* generally.

3.     Plaintiff served Allstate with Plaintiff's Original Petition and process on February 4, 2020 by certified mail upon on its registered agent. *See* <u>Exhibit B</u> (Certificate of Service).

4. Prior to filing and serving suit in this matter, Plaintiff served Allstate with the statutorily required pre-suit notice (the "Notice"). *See* Exhibit C (Plaintiff's 542A.003 Notice). Importantly, Plaintiff's Notice does not mention named defendant adjuster and agent for Allstate, Vernon Marshall ("Marshall") at all. *See Id.*

5. Plaintiff failed to provide the statutorily required pre-suit notice to Marshall and as such, he was improperly joined to this lawsuit at the time of removal and remains improperly joined. *See* Exhibit D (Affidavit of Vernon Marshall).

6. Allstate elected to accept any and all liability for the actions of Vernon Marshall in relation to this lawsuit on February 18, 2020 pursuant to Texas Insurance Code § 542A.006. *See* Exhibit E (Allstate's Election of Adjuster Liability). Because Allstate has accepted liability for Marshall, Marshall may not be joined to the lawsuit in the future.

7. Importantly, and as is stated above and discussed below, Allstate has elected to accept any and all liability of Marshall in relation to this matter pursuant to Texas Insurance Code § 542A.006. Due to Allstate's election to accept the liability of Marshall, and the fact that Marshall was never properly joined as, and can never be properly joined as, a party to this lawsuit, his consent to removal of this matter is not required.

8. The State Court's Record Search including Case History for this matter is attached hereto. *See* Exhibit F (State Court's Record Search).

## II.
### GROUNDS FOR REMOVAL

9. This Court has original jurisdiction of this suit under 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there was complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

**A.  Parties are Diverse**

  **i.  Plaintiff's Citizenship**

10. Plaintiff, Olga Moreno, is a natural person who resides in Maverick County, Texas. *See* Exhibit A, ¶ 3.  Plaintiff has not pled any other facts of her residency, intention to leave Texas, or domiciles in other States. *Id.*  Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

  **ii.  Allstate's Citizenship**

11. Citizenship of an unincorporated association is determined by the citizenship of its members.  *See* U.S.C. § 1332(a).  For the purposes of determining citizenship of a Lloyds organization, the court looks to the citizenship of the Lloyd members. *See Massey v. State Farm Lloyds Inc. Co.,* 993 F. Supp. 568, 570 (S.D. Tex., Galveston Div. 1998).

12. Defendant, Allstate Texas Lloyd's is an association of individual underwriters, authorized to conduct business in the State of Texas as a "Lloyd's plan" insurer under the Texas Insurance Code.  The underwriters are residents and citizens of the State of Illinois.  Accordingly, Allstate Texas Lloyd's is a citizen of the State of Illinois.

  **iii.  Vernon Marshall's Citizenship**

13. Marshall is a resident of Katy, Texas licensed by the Texas Department of Insurance to adjust insurance claims in the State of Texas.  Suther is thus a citizen of the State of Texas.  However, as discussed in detail below, Marshall is improperly joined to this lawsuit and thus his citizenship should be disregarded for the purposes of determining this Court's subject matter jurisdiction.  *See Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2003).

**B.  Marshall was Improperly Joined at time of the Filing of the Complaint**

(i) _Legal Standard_

14.     The doctrine of improper joinder, or fraudulent joinder, ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. _Borden v. Allstate Ins. Co.,_ 589 F.3d 168, 171 (5th Cir. 2009).  Citizenship of an improperly joined party is totally disregarded in determining the Court's subject matter jurisdiction. _Smallwood v. Illinois Cent. R.R. Co.,_ 385 F.3d 568, 572 (5th Cir. 2003).

15.     The removing party bears the burden of establishing whether federal jurisdiction exists and removal is proper. _Manguno v. Prudential Prop. & Cas. Ins. Co.,_ 276 F.3d 720, 723 (5th Cir. 2002).  To meet this burden, the removing party must demonstrate that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." _McDonald v. Abbot Labs.,_ 408 F.3d 177, 183 (5th Cir. 2005).

16.     To determine that an in-state defendant has been improperly joined, the court must find that (1) the plaintiff has fraudulently alleged that a defendant is non-diverse, or (2) the plaintiff has failed to state a claim against the non-diverse defendant. _Smallwood,_ 385 F.3d at 573. In making this determination, a federal court must look to the original state court pleading but apply the federal pleading standard. _Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.,_ 818 F.3d 193, 205 (5th Cir. 2016).  "[R]emoval jurisdiction should be determined on the basis of the state court complaint at the time of removal" and a "plaintiff cannot defeat removal by amending it." _Cavallini v. State Farm Mut. Auto Ins. Co._, 44 F.3d 256, 265 (5th Cir. 1995).

17.     The court may resolve claims of improper joinder by conducting a Rule 12(b)(6)-type analysis.  _Smallwood,_ 385 F.3d at 573. The analysis requires the complaint to contain "enough facts to state a claim to relief that is plausible on its face." _Bell Atlantic Corp. v. Twombly,_ 550 U.S. 544, 547, 127 S. Ct. 1955 (2007).  "A claim has facial plausibility when the plaintiffs plead

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1973 (2009).

18.     Pursuant to *Twombly* and *Iqbal,* the court conducts a two-prong analysis. First, the court separates legal conclusions from well-pled facts. *Iqbal,* 556 U.S. at 678-79. Second, the court reviews the well-pled facts, assumes they are true, and determines whether they "plausibly give rise to an entitlement of relief." *Id.,* at 679.  A pleading "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.*  Plausibility requires more than a mere possibility. It calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct. *Twombly,* 550 U.S. at 565.

19.     In order to assert an actionable claim against an adjuster, Texas federal courts require the plaintiff "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyds,* No. H-11-2376, 2010 WL 103678 at *7 (S.D. Tex. March 27, 2012) (citing string of Southern District cases).

> (ii) *Marshall was Not Properly Joined at the Time of Removal because Marshall never received the statutorily required Texas Insurance Code § 542A.003 Notice.*

20.     Plaintiff failed to provide Marshall with the statutory pre-suit notice required by Texas Insurance Code § 542A.003 and thus, at the time of removal, Marshall was not a proper party to the lawsuit.

21.     Texas Insurance Code §542A ". . . applies to an action on a claim against an insurer or agent . . ." that "arises from damage to or loss of covered property caused wholly or partly, by forces of nature, including . . . hail, wind, . . . or a rainstorm." Texas Insurance Code §§

542A.002(b) and 542A.001(2)(C). An "agent" is defined as ". . . an employee, agent, representative, or adjuster who performs any act on behalf of an insurer." Texas Insurance Code § 542A.001(1).

22.     Texas Insurance Code § 542A.003 explicitly requires that "not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person[1], the claimant must give written notice to the person in accordance with the this section as a prerequisite to filing the action." In short, a Plaintiff is statutorily required to provide at least 61 days' notice to any and all named defendants that are insurers, or agents thereof, prior to filing a suit to recover for property damages caused by a wind or hailstorm.

23.     Plaintiff has filed this suit against Allstate and Marshall individually to recover for alleged "covered losses in the form of wind and/or hail damage and the damages resulting therefrom." Exhibit A at ¶ 10. Plaintiff further alleges that "Vernon Marshall . . . on behalf of Allstate, was assigned as an individual adjuster on [Plaintiff's] claim . . ." Id. at ¶ 13. Thus Plaintiff alleges, and Allstate admits, that Marshall was an agent and adjuster acting on Allstate's behalf. Further, as is defined by Texas Insurance Code § 542.001A(5), Marshall is a "Person."

24.     In light of the foregoing, Plaintiff was required by statute to provide Marshall with at least 61 days' notice prior to filing suit against him. Plaintiff never provided Marshall with such notice thus Marshall has been improperly included in this suit and is an improper party to it. See Exhibit D.

25.     Additionally, Allstate has now accepted liability on behalf of Marshall, thus even if Plaintiff were now to provide the statutorily required notice to Marshall, he could not be as a

---

[1] Texas Insurance Code § 542A.001(5) defines person as "a corporation, association, partnership, or other legal entity or individual."

party because, pursuant to § 542A.006(b), "if an insurer makes an election [to accept the liability of an agent or adjuster] before a claimant files an action to which this chapter applies, no cause of action exists against the agent related to the claimant's claim . . ."  Because Plaintiff filed suit without providing the statutorily required notice to Marshall, the lawsuit against Marshall was never ripe and now that Allstate has accepted liability on Marshall's behalf, no cause of action can ever exist against Marshall.  Hence, removal is proper because, "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Abbot Labs.,* 408 F.3d 177 at 183.

26.     Because Plaintiff failed to provide Marshall with the statutorily required notice, and because Allstate has accepted liability on Marshall's behalf, Marshall was improperly joined at the time of removal and now may never be properly joined to this matter.

     (iii) *Plaintiff Failed to State a Plausible Claim Against Marshall in the Petition*

27.     Even if Plaintiff had given Marshall proper notice prior to filing suit, Marshall was still improperly joined to this lawsuit at the time of removal because Plaintiff has not stated a plausible claim against Marshall in her Petition.

28.     Plaintiff in this matter has claimed that Marshall is individually liable to Plaintiff under §§ 541 and 542 of the Texas Insurance Code because Marshall:

- Misrepresented, with actual awareness, the scope of covered damages as well as the cost to repair those damages;
- Performed an incomplete visual inspection of Plaintiff's property;
- Undervalued the covered damages to Plaintiff's property; and
- Failed to allow adequate funds to repair the covered damages to Plaintiff's property.

Exhibit A at ¶¶ 43-45.

29.     Plaintiffs' Original Petition does not offer any facts, other than mere conclusory allegations, to support Plaintiff's claims against Marshall.  Rather, Plaintiff's Original Petition relies on the assertions that,

- "Vernon Marshall ("MARSHALL") on behalf of ALLSTATE, was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, and prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during his inspection";

- "ALLSTATE and MARSHALL performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property"; and that

- " . . . VERNON MARSHALL committed various acts and omission violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages . . . The above-named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision.

*Id.* at ¶¶ 13, 16, and 45.

30.     What is noticeably lacking from Plaintiff's Original Petition is a single non-conclusory fact regarding the alleged acts and omissions of Marshall.  Nowhere does Plaintiff state in her Original Petition:

- When Marshall made any alleged misrepresentations to the Plaintiff or what the substance of those alleged misrepresentations were in accordance with Federal Rule of Civil Procedure 9(b);
- What portions of Plaintiff's property Marshall ostensibly failed to inspect;
- What alleged covered damages to Plaintiff's property Marshall undervalued; or even
- The actual value of alleged covered damages Plaintiff believes she is entitled to recover in regards to her claim with Allstate.

31.     Here, applying the *Twombly* and *Iqbal* analysis, Plaintiff's Original Petition fails to state a plausible claim against Marshall under the federal pleading standard. Specifically, as shown

below, Plaintiff's claims consist of conclusory and speculative allegations couched as "facts" and consist of allegations which sound in fraud that do not meet the pleading standard of Rule 9(b).

a.  *Speculative Allegations and Legal Conclusions Couched as Fact*

32.    As is demonstrated above, Plaintiff asserts general, speculative and conclusory allegations against Marshall and couches them as facts. For example, and as cited above, Plaintiff alleges that Marshall did not account for all of the damages to Plaintiff's property.  The additional allegations cited above are also just merely allegations couched as facts—mere conclusory statements that give, at best, only the most general of information regarding the alleged damages to the property.  These allegations are entirely without context and fail to even refer to any provisions of the insurance policy at issue which might give credence to Plaintiff's belief that covered losses were intentionally overlooked by Marshall.

33.    However, true factual allegations "must be enough to raise a light to relief above the speculative level." *Papasan v. Allian,* 478 U.S. 265, 286 (1986). Further, courts are not bound to accept as true a legal conclusion couched as a factual allegation. *See Twombly,* 550 U.S. at 155.

34.    Here, the allegations asserted above demonstrate at best a bona fide dispute regarding the disparity between Marshall's evaluation of the coverage of the claim and the damages that Plaintiff believes should be covered.  The allegations do not show how such a bona fide dispute raises to a level above and beyond a breach of contract cause of action—which would not be actionable against Marshall individually.

35.    The allegations in this matter have no more details than those considered in *Gardezi v. Nationwide Property and Casualty Ins. Co.,* No. 4:15-CV-01663, *1 (S.D. Tex. Jan. 7, 2016). Therein, plaintiffs alleged as against the adjuster, that "[the adjuster] made numerous errors in estimating the value of the Plaintiffs' claim, all of which were designed to intentionally minimize

and underpay the loss incurred by Plaintiffs … As a result of [the adjuster's] conduct, Plaintiffs' claim was underpaid." *Id.* at *2.   The plaintiffs also referred to such allegations in asserting violations of the Texas Insurance Code. *Id.*   The *Gardezi* court concluded that the plaintiffs failed to state a cause of action against the individual adjuster. *Id.* at *6.

36.     In another case, *Hart v. Nationwide Property & Cas. Ins. Co.,* the plaintiff alleged that the insurer committed statutory violations by misrepresenting that damages were not covered, stating that the damages were less severe than they were, and in denying or underpaying the claim. 2011 WL 2210034, *4 (S.D. Tex. 2011) (Harmon, J.) (not designated for publication).  In dismissing the plaintiff's extra-contractual claims, the Court in *Hart,* noted that the "averments about [the insurer's] 'misrepresentations' for purposes of her claims of fraud or claims of violations of the Texas Insurance Code are vague and conclusory…." *Id.,* at *5. The Court further explained:

> Not only are the complaints averments vague and general, but Plaintiff also fails to identify a single specific representation by Nationwide or its representatives, no less an actionable one, she does not specify the speaker or the person who performed allegedly deceptive conduct… explain how Plaintiff relied on such… *Id.*

37.     In light of the above, it is clear that Plaintiff's allegations do not form the basis for an independent cause of action against the Dismissed Adjusters.

   b.   *Plaintiff's Fraud Claims Fail to Satisfy Rule 9(b)*

38.     Allegations that sound in fraud are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  *See Halprin v. FDIC*, 2016 U.S. Dist. LEXIS 135402, *15 (W.D. Tex. 2016).  The courts have held that provisions of Texas Insurance Code § 541.060(a) sound in fraud and should be subjected to the heightened pleading standard set forth by Federal Rule of Civil Procedure 9(b) where such allegations under the Texas Insurance Code involve

misrepresentations, are substantively claims of fraud, and the gravamen of the claim is fraud. *Waste Mgmt. v. AIG Specialty Ins. Co.*, 2017 U.S. Dist. LEXIS 126880, fn.7 (S.D. Tex. 2017).

39.     All of the Plaintiff's claims against the Marshall are based on violations of Texas Insurance Code § 541.060(a) or, arguably, § 541.061, and thus sound in fraud. *See* <u>Exhibit A</u> at ¶¶ 13, 16, and 43-45.   However, Plaintiff's allegations described above fall far short of the heightened pleading requirements of Rule 9(b). *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *See Dorsey v. Portfolio Equities, Inc.,* 540 F.3 333, 339 (5th Cir. 2008) (to satisfy Rule 9(b), a plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.").

40.     Here, Plaintiff fails to adequately support the alleged fraudulent acts of Marshall with enough facts to meet the pleading standards of Federal Rule of Civil Procedure 9(b). Rather, Plaintiff merely bases her claims sounding in fraud on vague statements; the entirely unsupported allegation that Marshall undervalued her claim; and entirely unsupported allegations that Marshall set out to undervalue, delay, and underpay Plaintiff's claims. *See Generally*, <u>Exhibit A</u>.  Plaintiff's allegations against Marshall – at most – demonstrate a disagreement about the scope of the claim and the findings of the investigation into said claim—they do not rise to the level of fraud.

### C.  Amount in Controversy

41.     The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).   The removing party may satisfy its burden by either (1)

demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

42.     If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

> a.  It is facially apparent for the petition that the claim likely exceeds $75,000.00

43.     Here, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff's pleading makes the claim that "Plaintiff is seeking monetary relief over $100,000 but not more than $200,000."   Exhibit A ¶ 2.   Plaintiff has affirmatively pled for recovery in an amount that exceeds $75,000.00 and thus it is facially apparent from the Original Petition that this matter exceeds the amount in controversy requirement set forth in 28 U.S.C. § 1332.

III.
REMOVAL IS PROCEDURALLY PROPER

44.     This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

45.     Venue is proper in this Court under 28 U.S.C. §1441(a) since the District and Division of this Court includes Maverick County, Texas, the county where the State Court suit was filed.

46.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

47.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of Maverick County District Court.

V.

**CONCLUSION**

WHEREFORE, Defendant Allstate Texas Lloyd's requests that the Court accept jurisdiction over this action for the reasons set forth above and grant Defendant any such other and further relief to which Allstate may show itself justly entitled.

Respectfully submitted,

By: /s/ Michael M. Novak
        **Robert E. Valdez**
        State Bar No.20428100
        S.D. Tex. Bar No. 9816
        revaldez@valdeztrevino.com
        **Michael M. Novak**
        State Bar No. 24092905
        S.D. Tex. Bar No. 3084746


        **VALDEZ & TREVIÑO**
        **ATTORNEYS AT LAW, P.C.**
        Callaghan Tower
        8023 Vantage Dr., Suite 700
        San Antonio, Texas 78230
        Telephone: (210) 598-8686
        Facsimile: (210) 598-8797

        *Attorney for Defendant Allstate Texas*
        *Lloyd's and Vernon Marshall*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record on February 28, 2020 pursuant to the Rule 5 of the Federal Rules of Civil Procedure, via CM/ECF or other electronic means:

Jacqueline M. Sandoval
Perry J. Dominguez II
**PERRY DOMINGUEZ LAW FIRM PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Tel: (210) 562-2879
Fax: (210) 570-2322

/s/ Michael M. Novak
**Michael M. Novak**